IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>           Defendants. | Case No. |

## DECLARATION OF MEHUL PATEL

I, Mehul Patel, declare and state as follows:

1. This Declaration is based upon my personal knowledge of the facts stated herein. If called as a witness, I could and would testify as to the statements made herein.

2. I hold the position of Owner at Uproot Lint, LLC.

3. Plaintiff designs, manufactures, sells, and distributes handheld cleaning devices used to remove lint and pet hair from clothing, carpeting, furniture, and car interiors (collectively, "Plaintiff's Products").

4. Plaintiff has generated substantial revenue from sales of its products through on-line retail platforms, such as Amazon, Walmart and Plaintiff's own website.

5. Plaintiff uses a number of trademarks in connection with the marketing and sale of its products.

6. Plaintiff holds registrations for the UPROOT CLEAN standard character (Reg. No. 6,812,291) and design (Reg. No. 6,815,080) trademarks with the United States Patent and Trademark Office ("Plaintiff's Trademarks"). The Certificates of Registration for these trademarks are attached hereto as Exhibit 1.

Doc ID: c5c11700b50126264da7a1d1253cde8f90fc7d28

7. Plaintiff uses Plaintiff's Trademarks extensively in connection with the marketing of Plaintiff's Products.

8. Plaintiff expends substantial amounts of money annually advertising, promoting, and marketing Plaintiff's Products featuring Plaintiff's Trademarks.

9. Attached hereto as Exhibit 2 are true copies of portions of Plaintiff's Amazon and Walmart stores.

10. The marketplace success of Plaintiff's Products has resulted in significant counterfeiting of these products.

11. Plaintiff has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive internet sweeps and reported by consumers.

12. Plaintiff's Trademarks are distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards.

13. Plaintiff has identified numerous fully interactive e-commerce stores, including those operating the Defendant Internet Stores, which were offering for sale and/or selling Defendants' counterfeit versions of Plaintiff's Products to consumers in this Judicial District and throughout the United States. *See* Exhibit 3 (screen-captures showing Defendants' counterfeit products and the associated store listings).

14. Defendants' unauthorized use of Plaintiff's Trademarks has caused, and continues to cause, irreparable harm to Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's business reputation, loss of exclusivity, and loss of future sales.

15. Plaintiff has invested substantial time, money, and effort creating Plaintiff's Products and promoting Plaintiff's Products using Plaintiff's Trademarks.

Doc ID: c5c11700b50126264da7a1d1253cde8f90fc7d28

16. The extent of the harm to Plaintiff's business reputation, the goodwill associated therewith, and the possible diversion of customers due to loss in brand confidence are irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief.

17. Plaintiff will suffer immediate and irreparable injury, loss, and damage if Defendants' counterfeiting is not immediately stopped.

18. Defendants have been profiting and continue to profit from the sale of Defendants' counterfeit versions of Plaintiff's Products.

19. In so doing, Defendants have eliminated the exclusivity that Plaintiff was entitled to under the Lanham Act.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Dated: September 12, 2022

*Mehul Patel*
_____
Mehul Patel