IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Plaintiff Uproot Lint, LLC ("Plaintiff") submits this Memorandum in support of its Motion for Entry of Default and Default Judgment in the above-captioned action under Fed. R. Civ. P. 55 against the Defendants identified on the Amended Schedule A attached to Plaintiff's Motion ("Defaulting Defendants").

Plaintiff designs, manufactures, sells, and distributes innovative and high-quality handheld cleaning devices used to remove lint and pet hair from clothing, carpeting, furniture, and car interiors ("Plaintiff's Products") which Plaintiff markets and sells under Plaintiff's federally registered UPROOT CLEAN standard character mark and its associated design mark ("Plaintiff's Trademarks"). (Dkt. 4, Amend. Compl. at ¶ 3). Plaintiff's Products have enjoyed enormous success which has led to significant counterfeiting and/or infringement of Plaintiff's Trademarks. (*Id.* at ¶ 13 and Dkt. 54-1 at ¶¶ 18, 21). This action has been filed by Plaintiff to combat online counterfeiters and infringers such as the Defaulting Defendants who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit

and/or infringing products using counterfeit and/or infringing versions of Plaintiff's Trademarks (the "Counterfeit/Infringing Products").

To combat such activity, Plaintiff filed this action on September 12, 2022. (Dkt. 1). Plaintiff asserts claims for trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"). (Dkt. 4, at ¶¶ 27-45). On September 20, 2022, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). (Dkt. 19).

Pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2), Plaintiff now moves this Court for an Order entering Default and Default Judgment and finding Defaulting Defendants liable on Counts I (federal trademark infringement and counterfeiting), II (federal false designation of origin), and III (violation of the IUDTPA). Plaintiff seeks an award of statutory damages in the amount of $250,000 per Defaulting Defendant as authorized by 15 U.S.C. § 1117(c)(2) for Defaulting Defendants' willful infringement and counterfeiting of Plaintiff's Trademarks. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling their infringing and counterfeit products; and requiring that all assets in Defaulting Defendants' financial accounts operated by Amazon, eBay, Joom, Walmart, and Wish, as well as any newly discovered assets, be transferred to Plaintiff, up to the amount of relief awarded by the Court. Plaintiff is also entitled to an award of punitive damages under the IUDTPA for Defaulting Defendants' intentionally deceptive misconduct. Plaintiff does not request entry of a separate punitive damages award but contends that Plaintiff's entitlement to such damages further supports the statutory damages awards requested herein.

**ARGUMENT**

**I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT.**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target business activities toward consumers in the United States, including Illinois, and causes harm to Plaintiff's business within this Judicial District. *See* Dkt. 4 at ¶ 2; *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010) (plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least fully interactive commercial Internet websites and online marketplace accounts, Defaulting Defendants have targeted sales from Illinois residents by operating websites and online marketplace accounts that offer shipping to the United States, including Illinois, and on information and belief, has sold counterfeit/infringing products to residents within the United States, including Illinois. (Dkt. 4 at ¶¶ 2, 20). Thus, personal jurisdiction is proper because Defaulting Defendants are committing tortious acts in the United States, including Illinois specifically, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois specifically. *Id.*; *see Entertainment One UKLtd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al.*, No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

**II.   PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT.**

**A.   Entry of Default is Required Here.**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On September 12, 2022, Plaintiff filed its Complaint asserting claims for federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), federal false designation of origin (Count II), and violation of the IUDTPA (Count III). The Defaulting Defendants were properly served on October 11, 2022. Despite having been served with process, the Defaulting Defendants have failed to plead or otherwise defend this action.[1] Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### B. Entry of Default Judgment is Required Here.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

The deadline by which Defaulting Defendants were required to serve their responsive pleading has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Further, Plaintiff requests an award of statutory damages against each of the Defaulting Defendants for counterfeiting as authorized by 15 U.S.C § 1117(c)(2) for use of counterfeits of Plaintiff's Trademarks in connection with Defaulting Defendants' sales of products

---

[1] Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces.

through the Defaulting Defendants' Internet Stores. Plaintiff also seeks entry of a permanent injunction ordering, *inter alia*: (i) that Defaulting Defendants be prohibited from selling Counterfeit/Infringing Products; (ii) that domain names used by Defaulting Defendants to sell the Counterfeit/Infringing Products be permanently transferred to Plaintiff; and (iii) that all assets in Defaulting Defendants' financial accounts operated by Amazon, eBay, Joom, Walmart, and Wish, and any newly identified accounts, be transferred to Plaintiff up to the amount of the total relief awarded by the Court to Plaintiff.

  **C. Plaintiff is Entitled to Judgment as a Matter of Law on its Trademark Infringement and Counterfeiting, False Designation of Origin, and IUDTPA Claims.**

The elements of a trademark infringement claim under the federal Lanham Act, a claim for false designation of origin under Section 43(a) of the Lanham Act, and a claim under the IUDTPA, 815 ILCS §§ 510/1 *et seq.* are the same. *Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 852 (N.D. Ill. 2014). The elements required to establish each are as follows: (1) ownership of a protectable trademark; and (2) defendant's use of its mark is likely to cause confusion among consumers as to the source of the goods/services in connection with which it is used. *Id.*

Here, Plaintiff has alleged in its Amended Complaint that Plaintiff's Trademarks are distinctive, that Defaulting Defendants had knowledge of Plaintiff's rights in Plaintiff's Trademarks, that Defaulting Defendants are not authorized to use Plaintiff's Trademarks, and that Defaulting Defendants' use of Plaintiff's Trademarks are likely to cause consumer confusion. (Dkt. 4 at ¶¶ 12, 14, 16, 21, 30, 33, 38; see also Dkt. 54-1 at ¶ 17, 21-23, 31.) Therefore, Defaulting Defendants have engaged in acts violating Illinois and federal law including, but not limited to: passing off their unauthorized products as those of Plaintiff; causing a likelihood of confusion as to an affiliation, connection, or association with genuine UPROOT CLEAN products; representing

that Defaulting Defendants Counterfeiting/Infringing Products have Plaintiff's approval and/or are authorized as authentic UPROOT CLEAN products, when Defaulting Defendant's Counterfeiting/Infringing Products are not approved, authorized, and/or authentic; and, engaging in other conduct which creates a likelihood of confusion of source among the public. *Id.*

Upon entry of default, these allegations set forth in Plaintiff's Amended Complaint must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment against Defaulting Defendants with respect to Counts I, II, and III of Plaintiff's Amended Complaint.

### III. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

Awarding statutory damages serves dual interests because it's remedial in nature and also safeguards the important public interest of consumer protection. Given the broad economic losses and harm to the job market caused by counterfeiting, coupled with dangers to consumers who are tricked into purchasing infringing and/or counterfeited products, it's important to both penalize infringers and counterfeiters in order to deter future violations.

#### A. Damages for Trademark Infringement are Appropriate in this Case.

Section 35 of the Lanham Act, 15 U.S.C. § 1117, provides monetary remedies for trademark infringement and unfair competition. § 1117(a) allows for the recovery of defendant's profits; any damages sustained by the plaintiff; and the costs of the action. A trademark infringement plaintiff is not required to show that a defendant willfully infringed the plaintiff's mark as a pre-condition to an award of profits. *Romag Fasteners, Inc. v. Fossil, Inc.,* 140 S. Ct. 1492, 1497 (2020).

For trademark counterfeiting specifically, the awarding of statutory damages is intended to serve interests of compensation, deterrence, and punishment. *See Deckers Outdoor Corp. v. Australian Leather Pty. Ltd.*, No. 16 C 3676, 2020 WL 4723980, at *4 (N.D. Ill. July 13, 2020). While recovery under 15 U.S.C. §§1117(a) and (b) is focused on a plaintiff's "actual damages," 15 U.S.C. §1117(c) provides an alternative to proving actual damages with respect to violations that involve the use of a counterfeit mark. A "counterfeit mark" is defined at 15 U.S.C. § 1116(d)(1)(B)(i) as:

> "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered.

15 U.S.C. §1117(c) allows a plaintiff to seek statutory damages instead of actual damages. The option to recover statutory damages was provided in light of Congress' recognition that counterfeiters' records are frequently "nonexistent, inadequate, or deceptively kept[,]…making proving actual damages in these cases extremely difficult if not impossible." S. Rep. No. 104-177, at 10 (1995). The ability to elect statutory damages can provide a powerful incentive for a trademark holder to pursue infringement litigation that might otherwise not be undertaken because of the inability to obtain information to support recovery.

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per

counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* at § (c)(2).

### C. Defaulting Defendants Have Committed Willful Trademark Infringement and Counterfeiting Here.

Plaintiff's Amended Complaint alleged that Defaulting Defendants' infringement and/or counterfeiting of Plaintiff's Trademarks has been willful. (Dkt. 4 at ¶¶ 30-31, 40, 44). Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch*, 582 F. Supp. 2d at 1004. Accordingly, Defaulting Defendants have engaged in willful infringement and/or counterfeiting of Plaintiff's Trademarks.

"[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (internal quotations omitted). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, 2004 LEXIS 22563, *20 (N.D. Ill. Feb. 25, 2005).

Here, Defaulting Defendants had knowledge that their activities constituted counterfeiting/infringement or at least a reckless disregard for Plaintiff's rights in Plaintiff's Trademarks, especially when viewed in light of the nature of Plaintiff's marketing and sales activities. As alleged in Plaintiff's Amended Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's Products. (Dkt. 4 at ¶¶ 17-26.) Defaulting Defendants use Plaintiff's Trademarks on packaging, product listing titles, product listing descriptions, and/or the products themselves. Further, this Court has deemed counterfeiting willful when defendants default. *See Entertainment One UK Ltd. v. The*

8

*Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK5Z4WQX, et al.*, No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

### D. Plaintiff is Entitled to Significant Statutory Damages Under the Circumstances Here.

This Court has counseled as follows with respect to judicial determination of an appropriate statutory damages amount:

> The Lanham Act advises that the amount of statutory damages should be as the court considers just. Courts analogize case law applying 17 U.S.C. § 504(b), the statutory damages scheme for copyright infringement, to determine trademark infringement damages. In *Chi-Boy Music*, the Seventh Circuit held that courts enjoy wide discretion in determining statutory damages figures under § 504(b), and are not required to follow any rigid formula. Courts may consider factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.

*Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (internal quotations and citations omitted).

Plaintiff respectfully submits that this Court should enter a statutory damages award in its favor in the amount of $250,000 per Defaulting Defendant based on Defaulting Defendants' willful trademark infringement and counterfeiting. Plaintiff submits that such amount is particularly reasonable here given that Plaintiff's anticipated default judgment on its IUDTPA claim allows for an award of punitive damages as well. *See Allied Van Lines, Inc. v. iMove, Inc.*, 1:17-cv-8021, 2018 WL 572510, at *6 (N.D. Ill. Jan. 25, 2018) (entering default judgment against infringer of plaintiff's trademark rights and awarding punitive damages in the amount of $100,000 "for Defendant's willful and/or reckless indifference to Allied's trademark rights in accordance with the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois common law.").

9

    **1.**  **Defaulting Defendants have engaged in deceptive and unethical business practices that support a high statutory damages award here.**

The tactics that Defaulting Defendants have used in their efforts to unfairly capitalize on the goodwill that Plaintiff has established in the marketplace further supports a high statutory damages award here. As indicated above, Defaulting Defendants facilitate sales by designing the product listing of the infringing products so that they appear to be selling genuine versions of Plaintiff's Products. (Dkt. 4 at ¶¶ 17-26).

    **2.**  **Defaulting Defendants' use of on-line means to effectuate its widespread trademark infringement and counterfeiting makes a high statutory damages award appropriate here.**

Courts have routinely held that high statutory damages awards are particularly appropriate where the infringement/counterfeiting occurred through the Internet given the wide market exposure that the Internet provides. *See Coach, Inc. v. Ocean Point Gifts*, 1:09-cv-4215, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (noting that high damages awards in counterfeiting cases involving use of the Internet are particularly appropriate given "the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 07 Civ. 3997 (PAC), 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (statutory damages award determined, in part, based on "Defendant's ability to reach a vast customer base through internet advertising"). Indeed, in cases similar to the present case involving widespread counterfeiting taking place through sales on the Internet, this Court has seen fit to enter statutory damages awards at the maximum level or other very high levels. *See, e.g., Burberry Limited, et al. v. The Partnerships, et al.*, No. 1:14-cv08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Dkt. 44, 45) (awarding $2,000,000 in statutory damages per defendant); *Oakley, Inc. v. The Partnerships, et al.*, No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Dkt. 36, 37) (awarding $2,000,000 in statutory damages per defendant); *Luxottica Group S.p.A. v. Zhou Zhi Wei*, Case No. 17-cv-

5691, 2017 WL 6994587, at *4 (N.D. Ill. Sep. 12, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant); *NBA Properties, Inc. v. Zhou Yan*, Case No. 17-cv-2748, 2017 WL 6994585, at *3 (N.D. Ill. May 23, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant). Here too, the statutory damages award should be enhanced given that Defaulting Defendants' infringements and counterfeiting has taken place through the Internet and has had a pervasive impact on the market for Plaintiff's Products.

### 3. Defaulting Defendants' decision to ignore this action makes a high statutory damages award appropriate here.

An additional consideration supporting a high statutory damages award here is that Defaulting Defendants deliberately chose not to defend this action. *See Light v. Zhangyali*, No. 15 CV 5918, 2016 WL 4429758, at *4 (N.D. Ill. Aug. 22, 2016). Defaulting Defendants were made aware of the pendency of this action against it through electronic service as authorized by the Court. However, Defaulting Defendants never filed an appearance or defended the action. Where a defendant knowingly fails to oppose an action asserted against it, this likewise supports a finding of willfulness and, therefore, increasing the statutory damages award. *Energizer Brands, LLC v. Camelion Battery Co.*, No. 16 CV 4368, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017).

### E. Plaintiff is Entitled to Permanent Injunctive Relief.

Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from infringing Plaintiff's rights in Plaintiff's Trademarks. Plaintiff further requests that any Permanent Injunction entered by the Court order that Defaulting Defendants' assets that are currently restrained are transferred to Plaintiff up to the amount of monetary relief granted by this Court. Plaintiff also requests that any Permanent Injunction entered by the Court require transfer to Plaintiff of all assets owned by Defaulting Defendants that may be discovered in the future, up to the amount of monetary relief that may be awarded to Plaintiff. Such injunctive relief is

necessary so that Plaintiff can quickly take action against any new websites and online marketplace accounts that are identified and that are determined to have been linked to and/or to have sold Defaulting Defendants' Counterfeit/Infringing Products. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788, Dkt. 30 (Default Judgment Order) at 5, § 7 (N.D. Ill. Apr. 23, 2019) (ordering that Plaintiff shall have ongoing authority to serve the Order upon financial institutions in the event that new accounts owned by the Defendants are identified, until the full damages award has been satisfied); *Levi Strauss & Co. v. 932HK5Z4WQX, et al.*, No. 19-cv-00281, Dkt. 46 at (Final Judgment Order), at 8-9, § 6 (N.D. Ill. Apr. 2, 2019) (same).

## IV.　CONCLUSION.

Plaintiff respectfully requests that the Court enter default and default judgment against Defaulting Defendants and award statutory damages in the amount of $250,000 per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c)(2) based on Defaulting Defendants' willful trademark infringement/counterfeiting. Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from selling their counterfeit/infringing products and requiring the transfer to Plaintiff of assets in Defaulting Defendants' financial accounts, including, without limitation, Defaulting Defendants' bank accounts and Defaulting Defendants' payment accounts operated by on-line marketplaces up to the amount of any monetary relief ordered by the Court.

Date:  November 8, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/S/BRANDON BEYMER
　　　　　　　　　　　　　　　　　　　　　　BRANDON BEYMER (ARDC NO. 6332454)
　　　　　　　　　　　　　　　　　　　　　　DALIAH SAPER (ARDC NO. 6283932)
　　　　　　　　　　　　　　　　　　　　　　SAPER LAW OFFICES, LLC
　　　　　　　　　　　　　　　　　　　　　　505 N. LASALLE, SUITE 60654
　　　　　　　　　　　　　　　　　　　　　　CHICAGO, ILLINOIS 60654
　　　　　　　　　　　　　　　　　　　　　　(312) 527-4100

BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2022, I electronically filed the foregoing with the Court using the CM/ECF system, and I will serve Defendants with this Motion and Memorandum through email and electronic publication.

*/s/ Brandon Beymer*
Brandon Beymer
