UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UPROOT LINT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## CONSENT JUDGMENT

This action has been commenced by Uproot Lint, LLC ("Plaintiff") against Defendant No. 555 ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

| Def. No. | Defendant / Merchant Name |
|---|---|
| #555 | Shenzhenshi Yizhuanglong Maoyi Youxiangongsi |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant because Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have used infringing and counterfeit versions of the UPROOT CLEAN Trademark (collectively, the "Unauthorized Uproot Products") to residents of Illinois. The UPROOT CLEAN Trademark is included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 6,812,291 | UPROOT CLEAN | 021, 035 |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510). IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the UPROOT CLEAN Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Uproot Clean product or not authorized by Plaintiff to be sold in connection with the UPROOT CLEAN Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Uproot Clean product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the UPROOT CLEAN Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Uproot Clean Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the UPROOT CLEAN Trademark.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff four thousand dollars ($4,000) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Within two (2) business days after Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order (Dkt. 20).

5. This case is dismissed without prejudice and with leave to reinstate within one hundred and eighty (180) days, at which time, absent a motion to reinstate, the dismissal shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: November 18, 2022

_____
Jorge L. Alonso
United States District Judge