IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## PLAINTIFF'S MOTION FOR LIMITED DISCOVERY

Plaintiff Uproot Lint, LLC ("Plaintiff"), by and through the undersigned counsel, hereby submits this Motion for Limited Discovery. Plaintiff requests leave to conduct limited discovery in advance of a formal discovery conference under Fed. R. Civ. P. 26(f). As outlined in greater detail below, this limited discovery is necessary for preparation of Plaintiff's Reply Brief to Defendants' #138 (OJJ-LL), #190 (KEHOO), #252 (ILAIQKOLLC) (Collectively "Defendants") Opposition to Plaintiff's Motion for a Preliminary Injunction (Dkt. 41).

Specifically, Plaintiff seeks leave to conduct limited discovery to determine 1) what products the Defendants sell or have sold on Amazon that are the same as or similar to Plaintiff's products; 2) when the Defendants first started selling these products; 3) whether and when Defendants used any iteration of Plaintiff's UPROOT mark to advertise or sell the products; (4) to what jurisdictions Defendants sold the products using UPROOT; (5) how many units of the products using Uproot in the listing or on product packaging were sold; (6) when Defendants first included the word UPROOT in their product listing descriptions; (7) when the Defendants first used the word UPROOT in their product listing titles; (8) why

Defendants initially included the word UPROOT in their product listing descriptions; and (9) and why and when Defendants moved the word UPROOT to their product listing titles.

Additionally, Defendant presented a declaration in support of the allegation that they have been using the word UPROOT on their Amazon listings since as early as 2019 while also stating they are unable to locate any contemporary records in support of this claim (Dkt. 41-1 at pg. 2). Accordingly, pursuant to Fed. R. Civ. P. 30(a)(2)(iii), Plaintiff requests leave to conduct a limited deposition of this witness to investigate the veracity of this unverified assertion.

## I. LEGAL STANDARD

The timing and sequence of discovery is generally governed by Fed. R. Civ. P. 26(d), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Although the Federal Rules do not provide a standard for when such an order might issue, courts in the Seventh Circuit generally apply a "good cause" standard to motions for expedited discovery. *See Dallas Buyers Club, LLC v. Doe*, No. 14-C-4927, 2014 U.S. Dist. LEXIS 100629, at *4 (N.D. Ill. July 22, 2014). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Prods. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012).

Good cause for issuing an order expediting discovery may arise in a variety of circumstances. Notably, and relevant here, the 1993 Advisory Committee Notes to Rule 26(d) provide that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."

Furthermore, a review of available case law shows that discovery is frequently conducted in advance of preliminary injunction hearings, whether by leave or stipulation. *See, e.g., Steel Warehouse Co., LLC v. Luying Yang*, 2011 U.S. Dist. LEXIS 23445, *4-5 (S.D. Ill. Mar. 8, 2011) (granting leave to request certain documents and take deposition in order to prepare for preliminary injunction hearing); *Dyson, Inc. v. Euro-Pro Operating LLC*, 2015 U.S. Dist. LEXIS 29244, *40 (N.D. Ill. Mar. 10, 2015) (noting that expedited discovery was conducted prior to preliminary injunction hearing); *Fidlar Techs. v. LPS Real Estate Data Solutions, Inc*., 2015 U.S. Dist. LEXIS 671 (C.D. Ill. Jan. 6, 2015) (noting that "[i]n anticipation of the hearing on the preliminary injunction, the parties engaged in expedited discovery.").

## II. THE NEED FOR EXPEDITED DISCOVERY – PRELIMINARY INJUNCTION FACTORS FOR WHICH PLAINTIFF SEEKS DISCOVERY

As noted in the parties' previous briefings, the requirements for a preliminary injunction include a showing of irreparable harm absent injunctive relief; the lack of an adequate remedy at law; and a reasonable likelihood of success on the merits. *See e.g., Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-621 (7th Cir. 2015). Additionally, before granting injunctive relief, courts consider the balance of hardships between the parties (*i.e.*, irreparable harm to the non-movant if the injunction is granted versus irreparable harm to the movant if the injunction is denied); as well as the effect, if any, on non-parties (*i.e.*, the public interest). *Id.* While the evidence and arguments in support of or opposition to these factors will be the subject of the parties' briefing and presentments at the injunction hearing, those elements provide the framework for the scope of the discovery Plaintiff is seeking in advance of such briefing and hearing.

### a. Discovery Related to Likelihood of Success on the Merits – Lanham Act

Plaintiff has a well-known, distinctive, protectable mark and there is ample evidence

that the mark is well-known across all fifty (50) States. (Second Declaration of Mehul Patel ("Patel Decl." ¶ 4, 6). Since March of 2021, Plaintiff has generated expended over $7,000,000 in advertising Plaintiff's products under Plaintiff's trademark, resulting in over $15,000,000 of revenue across all fifty States. *Id.*

In opposition to Plaintiff's Motion for Entry of a Preliminary Injunction, Defendants allege they began using UPROOT as either a description or trademark for sale of their products in the United States through Amazon.com before Plaintiff's adoption of UPROOT as a trademark. (Dkt. 41 at pg. 2). That said, the only evidence Defendants provide to support this contention is an Excel spreadsheet showing Defendants' product listing history that makes no mention of the word UPROOT. *See* Exhibits 2 and 3 to Dkt 41-1. Defendants' affidavit also states they are unable to locate any contemporary records using the word UPROOT in support of this claim (Dkt. 41-1 at ¶ 8). Accordingly, Plaintiff seeks leave to conduct limited discovery to determine the veracity of this allegation.

    b. **Discovery Related to Irreparable Harm and Lack of Adequate Remedy at Law**

Irreparable injury is presumed if a showing of likelihood of confusion is made in trademark infringement and unfair competition actions. *Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456, 469 (7th Cir. 2000). As repeatedly recognized by Seventh Circuit courts, "[t]he most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendant's good." *Processed Plastic Co.,* 675 F.2d at 857, quoting *Ideal Industries, Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018 (7th Cir. 1979).

These Defendants are competing product manufacturers who operate on the same Amazon e-commerce marketplace. Defendants sell products that are identical to Plaintiff's

products in form and function by using trademarks that are substantially similar to Plaintiff's UPROOT trademark.

Plaintiff alleges that Defendants deliberately chose to include Plaintiff's UPROOT trademark on their e-commerce listings with the specific intent to capitalize on Plaintiff's success in the marketplace. Defendants allege prior use and injury to its own brand by reverse confusion with Plaintiff's trademark (Dkt. 41 at page 8). However, Defendants fail to provide any relevant evidence to support that they have any trademark rights to UPROOT or any actual evidence of use prior to Plaintiff. The only evidence Defendants provided does not demonstrate any prior use of the word UPROOT in any of the product listings. *See* Exhibits 2 and 3 to Dkt 41-1. Accordingly, Plaintiff seeks leave to conduct limited discovery to determine when Defendants first included the word UPROOT in their product listing descriptions and titles in order to deduce priority.

    c. **Discovery Related to Third Party Interests**

The final factor the Court will need to consider before granting a preliminary injunction is the effect it will have on third parties; *i.e.*, the public interest. The public interest in this case is considerably high and decidedly weighs in Plaintiff's favor. The provisions of the Lanham Act, as well as common law, reflect important public policies aimed at prohibiting unfair competition in the form of false and misleading representations and deceptive trade practices. Thus, public interest requires Defendants to abide by these principles that prohibit them from using and misappropriating Plaintiff's trademark in order to prevent consumer confusion. While this harm to the public is abundantly clear, the exact nature and the extent of the harm is difficult to quantify without discovery. Plaintiff therefore seeks sufficient time to contact and interview third parties as well as leave to conduct formal discovery if any third-party

subpoenas or depositions prove necessary.

### III. WEIGHING THE HARM – THE NEEDS OUTLINED ABOVE OUTWEIGH ANY POTENTIAL HARM TO DEFENDANT

There is nothing to show how Defendant would be harmed by any expedited discovery in this case. Plaintiff's damages, both quantifiable monetarily as well as unquantifiable (e.g., loss of goodwill; loss of exclusivity), far exceed the sums contained in Defendants' restrained accounts. All of the proposed discovery outlined above would relate to elements at issue in this case beyond the injunctive relief itself. As such, Defendant would be subject to the discovery at some point regardless of whether expedited discovery is granted. Accordingly, the act of responding to the discovery alone cannot cause any harm to Defendant. Any temporary delay while the parties complete expedited discovery does not outweigh Plaintiff's need for this information to refute the assertions made by Defendant in its Response in Opposition to Plaintiff's Motion for Preliminary Injunction.

### IV. CONCLUSION

For at least the reasons outlined above, Plaintiff submits that good cause exists for ordering limited expedited discovery in accordance with the general topics outlined above. A full and reasoned analysis of the preliminary injunction elements will be best served by allowing Plaintiff to conduct limited discovery into the facts and allegations raised in Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction.

Accordingly, Plaintiff requests leave to conduct limited discovery.

Dated: December 7, 2022

Respectfully submitted,
/s/Daliah Saper
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. LaSalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100

DS@SAPERLAW.COM

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and I will send an e-mail to the e-mail addresses provided for Defendants by third parties.

*/s/ Daliah Saper*
Daliah Saper