**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff and each of the Defendants listed below ("Defendants"), acting through counsel, hereby agree to and move this Court for Entry of the Consent Judgment attached hereto.

| Def. No. | Merchant Name | Damages Amount |
|---|---|---|
| 466 | Shenzhen Ruimiaoqian Network Technology Co.,Ltd. | $1,500 |
| 467 | Qingtian Yingying Electronic Commerce Co., Ltd | $1,500 |
| 468 | Ding | $1,500 |
| 470 | Shenzhen Dali Industry Co., Ltd. | $1,500 |
| 471 | Shanghai Leiyuan Energy Technology Co., Ltd. | $1,500 |
| 472 | Shenzhen Linglangxi Network Technology Co., Ltd. | $1,500 |
| 473 | Qingtian Diaocheng Trading Co., Ltd. | $1,500 |
| 475 | Shenzhen Xiaoyanzifei Network Technology Co., Ltd. | $1,500 |
| 477 | Shenzhen Rongxiner Network Technology Co., Ltd. | $1,000 |
| 479 | Fuyu | $1,000 |
| 480 | shenzhenshimeihuidawangluokejiyouxiangongsi | $1,500 |
| 499 | zhiqixuan | $1,500 |
| 502 | XiaMen Shi AiDeMan XinXiKeJi YouXian GongSi | $1,500 |
| 508 | sigeshangmao | $1,000 |
| 509 | CHENGYU | $1,500 |
| 511 | xuhua | $1,000 |
| 513 | Caitzr | $1,500 |
| 517 | shenzhenshishangpinyuandianzishangwuyouxiangongsi | $500 |
| 518 | dongguanshisuyingshangmaoyouxiangongsi | $1,500 |
| 519 | shenzhenshijiahuoyuandianzishangwuyouxiangongsi | $500 |

| 520 | zhengzhouzienlvxingsheyouxiangongsi | $1,000 |
| --- | --- | --- |
| 523 | Wanhui | $1,000 |
| 524 | yuehongyang | $1,500 |
| 527 | MMY | $1,000 |
| 530 | tianjinqingmuwangluokejiyouxiangongsi | $1,000 |
| 532 | Kody.llc | $500 |
| 534 | BAMANS | $1,000 |
| 536 | shenzhenshishilongwangluokejiyouxiangongsi | $1,000 |
| 540 | shenzhenshijiqiaowangluokejiyouxiangongsi | $1,500 |
| 541 | shenzhenshihonglanwangluokejiyouxiangongsi | $1,500 |
| 542 | shenzhenshianleshengdianzishangwuyouxiangongsi | $1,500 |
| 545 | shenzhenshiliyuwangluokejiyouxiangongsi | $1,500 |
| 554 | yalita | $1,500 |
| 568 | shenzhenshi shenghuashuo dianzishangwu youxiangongsi | $1,500 |

Date: December 20, 2022

*/s/Brandon Beymer*  
Brandon Beymer (ARDC No. 6332454)  
Daliah Saper (ARDC No. 6283932)  
Saper Law Offices, LLC  
505 N. Lasalle, Suite 60654  
Chicago, Illinois 60654  
(312) 527-4100  
ds@saperlaw.com  
brandon@saperlaw.com  

Attorneys for Plaintiff

*/s/Ford Banister*  
Ford Banister  
Ford Banister IP  
305 Broadway, Floor 7  
New York, NY 10007  
ford@fordbanister.com  
(212) 500-3269  

One of Defendants' Attorneys

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## CONSENT JUDGMENT

This action has been commenced by Uproot Lint, LLC ("Plaintiff") against the below Defendants ("Defendants"). Plaintiff and each of the listed Defendants have resolved all claims arising from the allegations in the Complaint.

| Def. No. | Merchant Name | Damages Amount |
|---|---|---|
| 466 | Shenzhen Ruimiaoqian Network Technology Co.,Ltd. | $1,500 |
| 467 | Qingtian Yingying Electronic Commerce Co., Ltd | $1,500 |
| 468 | Ding | $1,500 |
| 470 | Shenzhen Dali Industry Co., Ltd. | $1,500 |
| 471 | Shanghai Leiyuan Energy Technology Co., Ltd. | $1,500 |
| 472 | Shenzhen Linglangxi Network Technology Co., Ltd. | $1,500 |
| 473 | Qingtian Diaocheng Trading Co., Ltd. | $1,500 |
| 475 | Shenzhen Xiaoyanzifei Network Technology Co., Ltd. | $1,500 |
| 477 | Shenzhen Rongxiner Network Technology Co., Ltd. | $1,000 |
| 479 | Fuyu | $1,000 |
| 480 | shenzhenshimeihuidawangluokejiyouxiangongsi | $1,500 |
| 499 | zhiqixuan | $1,500 |
| 502 | XiaMen Shi AiDeMan XinXiKeJi YouXian GongSi | $1,500 |
| 508 | sigeshangmao | $1,000 |
| 509 | CHENGYU | $1,500 |
| 511 | xuhua | $1,000 |
| 513 | Caitzr | $1,500 |
| 517 | shenzhenshishangpinyuandianzishangwuyouxiangongsi | $500 |

| 518 | dongguanshisuyingshangmaoyouxiangongsi | $1,500 |
| --- | --- | --- |
| 519 | shenzhenshijiahuoyuandianzishangwuyouxiangongsi | $500 |
| 520 | zhengzhouzienlvxingsheyouxiangongsi | $1,000 |
| 523 | Wanhui | $1,000 |
| 524 | yuehongyang | $1,500 |
| 527 | MMY | $1,000 |
| 530 | tianjinqingmuwangluokejiyouxiangongsi | $1,000 |
| 532 | Kody.llc | $500 |
| 534 | BAMANS | $1,000 |
| 536 | shenzhenshishilongwangluokejiyouxiangongsi | $1,000 |
| 540 | shenzhenshijiqiaowangluokejiyouxiangongsi | $1,500 |
| 541 | shenzhenshihonglanwangluokejiyouxiangongsi | $1,500 |
| 542 | shenzhenshianleshengdianzishangwuyouxiangongsi | $1,500 |
| 545 | shenzhenshiliyuwangluokejiyouxiangongsi | $1,500 |
| 554 | yalita | $1,500 |
| 568 | shenzhenshi shenghuashuo dianzishangwu youxiangongsi | $1,500 |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly targets their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have used infringing and/or counterfeit versions of the UPROOT CLEAN Trademarks (collectively, the "Unauthorized Uproot Clean Products") to residents of Illinois. The UPROOT CLEAN Trademarks are included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
| --- | --- | --- |
| 6,812,291 | UPROOT CLEAN | 021, 035 |
| 6,815,080 | ◇✦.<br>.◇ | 21 |

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15

U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510).

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using the UPROOT CLEAN Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Uproot Clean product or not authorized by Plaintiff to be sold in connection with the UPROOT CLEAN Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Uproot Clean product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the UPROOT CLEAN Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Uproot Clean Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the UPROOT CLEAN Trademarks; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the UPROOT CLEAN Trademarks.

2. Pursuant to the parties' settlement agreements, each Defendant in the table above shall pay Plaintiff in damages the total in the "Damages Amount" column corresponding to each Defendant (with the amount with respect to each Defendant the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from each of the Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff as to each Defendant pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 20].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: _____

**Jorge L. Alonso**
United States District Judge