# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br><br> Defendants. <br><br>——————————————————— <br><br> SHENZHEN LEIPENGDA TECHNOLOGY CO., LTD., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> UPROOT LINT, LLC, <br><br> Counterclaim Defendant. | **CASE NO. 1:22-CV-04925** <br><br> District Judge Jorge L. Alonso <br><br> Magistrate Judge Gabriel A. Fuentes |

**BRIEF IN SUPPORT OF COUNTERCLAIM DEFENDANT
UPROOT LINT LLC'S PARTIAL MOTION TO DISMISS
COUNTERCLAIM COUNT V PURSUANT TO FED. R. CIV. P. 12(b)(3)[1]**

Plaintiff/Counterclaim Defendant Uproot Lint LLC submits this brief in support of its Partial Motion to Dismiss Counterclaim Plaintiff Shenzhen Leipengda Technology Co., Ltd.'s Counterclaim Count V pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

---

[1] Plaintiff/Counterclaim Defendant Uproot Lint LLC's answer to Counterclaim Count V is filed subject to the present motion.

A.  **Background**

1. Plaintiff/Counterclaim Defendant Uproot Lint LLC ("Uproot Lint") is a limited liability company organized under the laws of Florida.[2] Uproot Lint's only office is located at 8350 NW 52nd Terrrace, Suite 301 #309, Doral, FL 33166. (Amended Complaint ¶6 (Doc. 4); Choi Decl. Exh. C - Patel Decl. ¶¶2 and 3, Exh. 1).

2. On September 12, 2022, Uproot Lint filed its original Complaint (Doc. 1) and the Amended Complaint against multiple defendants, including defendants identified as Does #138 (OJJ-LL), #190 (KEHOO), #252 (ILAIQKOLLC), #174 (TAILAEN) and #201 (FEENWSY) (collectively, "Defendants"), for: (i) trademark infringement and counterfeiting; (ii) false designation of origin; and (iii) deceptive trade practices, arising out of Defendants' use of marks confusingly similar to Uproot Lint's UPROOT CLEAN marks on products similar to Uproot Lint's products. (See Amended Complaint).

3. On February 17, 2023, Defendants answered the Amended Complaint and also filed their Counterclaim against Uproot Lint for: (i) declaratory judgment of non-infringement of trademark; (ii) declaratory judgment of non-counterfeiting; (iii) declaratory judgment of no false designation of origin; (iv) cancellation of trademark registration; and (v) patent infringement.[3] (Answer and Counterclaim ¶¶28-50 (Doc. 130)).

4. The patent infringement counterclaim (Count V) was filed by Counterclaim Plaintiff Shenzhen Leipengda Technology Co., Ltd. ("SLT") based on the allegation that SLT "is the beneficial owner and real party in interest for named noncorporate defendants Does #138

---

[2] The Amended Complaint inadvertently states that Uproot Lint is an Arizona company. Uproot Lint will correct the error in due course. For the purpose of the present motion, however, SLT alleges that Uproot Lint is a Florida company. (Answer and Counterclaim ¶41).

[3] Counterclaim Counts I-IV are essentially affirmative defenses. It appears that Counts I-IV are brought so that the patent infringement counterclaim (Count V) could be included as an alleged related claim.

(OJJ-LL), #190 (KEHOO), and #252 (ILAIQKOLLC)" as their licensor. (Answer and Counterclaim ¶35; Declaration of Dongliang Lei ¶¶3-4 (Doc. 130-6)).

5. SLT alleges that it owns U.S. Pat. No. D889,851 ("Asserted Patent") and that the patent infringement counterclaim arises out of Uproot Lint's sales its "Uproot Clean Pro" product ("Accused Product"). (Answer and Counterclaim ¶44).

6. On March 1, 2023, counsel for Uproot Lint wrote counsel for SLT advising that venue was improper for the patent infringement counterclaim, and also forwarded prior art relevant to the validity of the Asserted Patent, including a nearly identical third-party design patent issued prior to the filing date of the Asserted Patent. (Choi Decl. ¶3, Exh. A).

7. On March 31, 2023, counsel for Uproot Lint wrote counsel for SLT forwarding Uproot Lint's U.S. Pat. Nos. D980,569 and D980,570, which are designs for the Accused Product ("Uproot Patents"). (Choi Decl. ¶4, Exh. B).

8. As shown in the Uproot Patents, SLT's Asserted Patent is cited therein. In other words, the U.S. Patent and Trademark Office ("USPTO") determined that the designs claimed in the Uproot Patents were new and non-obvious in view of the Asserted Patent (and other cited references). As a result, the USPTO concluded that the designs claimed in the Uproot Patents are patentable. (Choi Decl. ¶5, Exh. B).

9. Despite SLT's knowledge of the venue and invalidity issues, SLT has not voluntarily dismissed the patent infringement counterclaim.

B. **Legal Standard**

10. The plaintiff bears the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). The Supreme Court has held that venue in patent cases is

governed solely by 28 U.S.C. § 1400(b), which establishes that "[a]ny civil action for patent infringement may be brought in the judicial district [i] where the defendant resides, or [ii] where the defendant has committed acts of [alleged] infringement and has a regular and established place of business." *TC Heartland v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 137 S. Ct. 1514 (2017). "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *Mantissa Corp. v. Great Am. Bandcorp, Inc.*, 446 F.Supp. 3d 398, 401 (C.D.Ill. 2020), *quoting In re ZTE*, 891 F.3d at 1012.

11. As to the first prong, following *TC Heartland*, a defendant resides only in its state of incorporation. As to the second prong, three conditions must be satisfied for a defendant to have a "regular and established place of business" in a judicial district: "(1) there must a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any of the three requirements are not satisfied, a "regular and established place of business" under Section 1400(b) does not exist. *Mantissa*, 446 F.Supp. 3d at 402.

**C.** **Argument**

12. Here, SLT alleges that venue is proper in this district under 28 U.S.C. § 1391(b) and 1400(b) because:

> upon information and belief, [Uproot Lint] had committed acts of infringement in this District and has a regular and established place of business in this District, because counterclaim venue is ancillary or pendent to Uproot Lint's choice of venue in this action, and because there is a common nucleus of operative facts

> related to the parties' use of the term "uproot" and sale [ ] of lint cleaner products using the term "uproot."

(Answer and Counterclaim ¶39).

13. With respect to the first prong of Section 1400(b), SLT concedes that Uproot Lint does not reside in this District. With respect to the second prong of Section 1400(b), it cannot be satisfied at least because Uproot Lint does not have a regular place of business in this district.

14. Uproot Lint: does not have any offices, facilities, or own or lease any real property in this district; does not have a corporate address, mailing address, or telephone number in this district; has not paid anyone to operate Uproot Lint's business within a residence in this district; has not publicly advertised or otherwise indicated that any residence in this district was its place of business; and does not own or lease any computer servers or operate any data processing facilities within this district. (Choi Decl. Exh. C - Patel Decl. ¶¶3-7). *See, e.g., BillingNetwork Patent, Inc. v. Modernizing Med., Inc.*, 17-cv-5636, 2017 U.S. Dist. LEXIS 183577, *7-8, 2017 WL 5146008 (N.D.Ill. Nov. 6, 2017) (work-at-home employees located in this district not sufficient to establish that defendant has a regular place of business in this district); *Talsk Research, Inc. v. Evernote Corp.*, 16-cv-2167, 2017 U.S. Dist. LEXIS 157760, *12, 2017 WL 4269004 (N.D.Ill. Sep. 26, 2017) (handful of non-employee, independent contractors present in this district and defendant's customers' use of allegedly infringing software in this district insufficient to establish regular place of business in this district).

15. Whether the patent infringement counterclaim is related to Uproot Lint's trademark infringement claims and/or Defendants'/SLT's other counterclaims is irrelevant. District courts have consistently held that pendent venue does not apply to patent infringement claims and that judicial economy cannot overcome the intention of Congress and Supreme Court precedent with respect to the patent venue statute, Section 1400(b). *See, e.g., Sennco Solutions v.*

*Mobile Techs.*, 16-cv-9668, 2018 U.S.Dist. LEXIS 243834, *5, 2018 WL 11318742 (N.D.Ill. Feb. 5, 2018); *E-Z Dock, Inc. v. Snap Dock, LLC*, 21-cv-00450, 2021 U.S. Dist. LEXIS 196001, *2-3, 2021 WL 4748728 (M.D.Fl. Oct. 9, 2021); *Neonatal Prod. Grp., Inc. v. Shields,* 13-cv-2601, 2017 U.S. Dist. LEXIS 113568, *9, 2017 WL 3116686 (D.Kan. Jul. 20, 2017); *Norkol/Fibercore, Inc. v. Gubb*, 279 F.Supp.2d 993, 999 (E.D.Wis. 2003).

16. Indeed, in *Norkol/Fibercore*, the court dismissed plaintiff's patent infringement claim for improper venue but sustained claims for conspiracy to induce infringement, tortious interference with prospective business advantage and tortious interference with lawful business, ruling that:

> Under the doctrine of pendent venue, claims governed by a general venue statute may be brought in the same district as a claim governed by a special venue statute if the claims arise out of the same nucleus of facts. However, the converse is not true. Where claims are governed by a special venue statute such as § 1400(b), which limits venue to specified districts, such claims may be brought only in a district specified by the statute. This is so because congressional intent to limit the available districts is clear and cannot be circumvented.

*Norkol/Fibercore*, 279 F.Supp.2d at 999 (internal citations omitted).

17. Like the cases cited above, this district is not the proper venue for SLT's patent infringement counterclaim because Section 1400(b) is not satisfied and pendent venue is not applicable for patent infringement claims.

**D.** **Conclusion**

18. Uproot Lint therefore respectfully requests that SLT's Counterclaim Count V for patent infringement be dismissed without prejudice.[4]

Dated: April 7, 2023

Respectfully submitted,

By: */s/ John H. Choi*
John H. Choi (*pro hac vice* application pending)
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. (201) 580-6600
Fax. (201) 625-1108
jchoi@jchoilaw.com

Daliah Saper (lead and local counsel)
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
Tel. (312) 527-4100
dsaper@saperlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Uproot Lint LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2023, I electronically filed and served the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, on all parties who have appeared via ECF.

*/s/ John H. Choi*
John H. Choi

---

[4] Uproot Lint requests that the patent infringement claim not be transferred to the Southern District of Florida where Uproot Lint resides. Instead, Uproot Lint requests that the patent infringement claim be dismissed without prejudice so that SLT could consider the cited prior art before it decides on whether to proceed.