IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL ORAL DISCOVERY**

NOW COMES Plaintiff, UPROOT LINT, LLC ("Plaintiff"), by and through its attorneys, Saper Law, LLC, and for its Motion to Compel Oral Discovery (the "Motion") from Defendants Does #138 (OJJ-LL), #190 (KEHOO), #252 (ILAIQKOLLC) (collectively "Defendant"), states as follows:

  1.  On March 10, 2023, this Court set a *firm* discovery close date of April 28, 2023 (Dkt. 135) upon review of the parties' last joint status report.

  2.  Since that date, Plaintiff has worked diligently to respond to Defendant's written discovery requests. To date, Plaintiff has not received any deposition notices for oral discovery.

  3.  Despite Plaintiff's diligence, Defendant has continued to exhibit unnecessary and prejudicial delay not only in its own discovery responses, but also in basic communications.

  4.  For example, the parties agreed that a protective order should be entered prior to their exchange of discovery. On April 10, 2023, Plaintiff's counsel sent Defendant's counsel (1) a proposed agreed motion for entry of protective order and proposed order for review, and (2) a Rule 30(b)(6) Notice of Deposition requesting the identification of a corporate designee and setting a deposition date of April 19, 2023. Plaintiff received no response.

5. In fact, Plaintiff's counsel sent Defendant's counsel several follow up emails and phone calls and did not receive a response regarding the agreed motion for protective order until April 14. At that time, Defendant's counsel only acknowledged receipt of the deposition notice but provided no additional information.

6. Plaintiff's counsel followed up with Defendant's counsel several more times regarding the deposition notice and did not receive a response until nearly 5pm on April 20, one day *after* the deposition date in the notice and just *eight* days before the Court's firm discovery close date.

7. Furthermore, Defendant's counsel simply stated: "We are working on scheduling this. As you know, *we **cannot produce anyone** for a deposition in China **even remotely***. They will need to travel to Hong Kong, Macau, or another country outside of China, and that requires a visa. We are working on identifying the appropriate individual and finding out when they can travel to somewhere where they can sit for a deposition. I'll keep you informed of our progress." See Exhibit 1 attached (emphasis added).

8. Plaintiff was not aware of this limitation. And, despite Defendant's full knowledge of (i) the discovery close date, (ii) the fact that depositions would be necessary for any fair adjudication of the facts, and (iii) that they were, apparently, not going to ever be available for deposition, Defendant *still* ignored multiple requests for more information, leaving Plaintiff in the dark, and waited *ten days* after receiving notice to inform Plaintiff that there is essentially no way a deposition could occur.

9. Plaintiff counsel immediately responded to the April 20 email asking for additional information regarding the designees for the three store fronts. Plaintiff received no answer.

Plaintiff's counsel followed up with a call and email on Monday April 24. Plaintiff received no answer.

10. As of the filing of this Motion, Plaintiff has yet to receive any additional information regarding the identity of Defendant's designee or the date that they may be available.

WHEREFORE, Plaintiff prays this Court grant its Motion to Compel Oral Discovery and: (1) compel Defendant's to identity their designee and provide a date prior to the April 28, 2023 discovery deadline which Defendant's designee shall sit for the deposition, or, in the alternative, extend the close date for oral discovery up to and including June 2, 2023 and compel Defendant to provide a date certain before that date which they guarantee they will be present; (2) award Plaintiff its reasonable attorneys' fees for their preparation of this Motion; and (3) any such other appropriate relief as this Court deems fair and just.

Date: April 24, 2023

Respectfully submitted,

/s/Brandon Beymer
BRANDON BEYMER (ARDC NO. 6332454)
BRANDON CAMPILLO (ADDC NO. 6338787)
DALIAH SAPER (ARDC NO. 6283932)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100
BCAMPILLO@SAPERLAW.COM
BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM

**ATTORNEYS FOR UPROOT LINT, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, I sent the foregoing Defendant's counsel.

*/s/ Brandon Beymer*
Brandon Beymer