**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFF'S SECOND EMERGENCY MOTION TO COMPEL DISCOVERY**

NOW COMES Plaintiff, UPROOT LINT, LLC ("Plaintiff"), by and through its attorneys, Saper Law, LLC, and for its Motion to Compel Oral Discovery (the "Motion") from Defendants Does #138 (OJJ-LL), #190 (KEHOO), #252 (ILAIQKOLLC) (collectively "Defendant"), states as follows:

    1.    On March 10, 2023, this Court set a *firm* deadline of April 28, 2023 for the close of *expedited* discovery (Dkt. 135).

    2.    Since that date, Plaintiff has worked diligently and responded to Defendant's written discovery requests. However, to date, Plaintiff has not received *any* of Defendant's written discovery.

    3.    Indeed, Defendant has continued to exhibit unnecessary and prejudicial delay not only in providing its own discovery responses, but also in all communications (Defendant's counsel often take days or weeks to reply to emails, or simply to not reply at all, and when they are called, they very rarely answer or return calls, or are conveniently busy travelling and promise to reply when they get to their destination, only to go silent again).

4. For example, despite several emails, calls, and other attempts to meet and confer, Defendant's counsel previously took over a week to respond to Plaintiff's 30(b)(6) deposition notice, blowing past the noticed deposition date and waiting until they were in possession of Plaintiff's planned emergency motion to compel oral discovery (Dkt 153), before responding (stating that it would be nearly impossible to get Defendant's designated deponent out of China to a place where it would be legal for the deponent to be deposed remotely).

5. This Court held a hearing on Plaintiff's emergency motion on April 27, 2023, at which Defendant's counsel was present telephonically.

6. At that hearing, Judge Fuentes graciously extended the firm discovery deadline of April 28, 2023, until and including June 2, 2023 (Dkt. 156).

7. During the April 27 emergency hearing, Judge Fuentes made Defendant's discovery obligations clear, accounting for the legal difficulties of the deponent being Chinese and needing to find a way to leave China to sit for the deposition).

8. At the same hearing, Defendant's counsel acknowledged Defendant's understanding of their obligations and indicated that they would meet and confer with Plaintiff regarding the date for Defendant's deposition, which they believed could be scheduled for the first week of May 2023 (it is important to note that Plaintiff's lead counsel has had a long-planned trip and will be out of the country from May 7, 2023 through May 17, 2023, meaning that deposition would have to occur either the first week of May, or else would have to occur in a small window in late May before the new, and hopefully final discovery deadline (this trip was brought to the Court's attention at the hearing, so both the Court and Defendant know about any constraints resulting from the trip)).

9. Additionally, as of the April 27 hearing, Plaintiff had yet to receive Defendant's responses to written discovery. Plaintiff's counsel did bring this to the attention of the Court and Defendant's counsel at the hearing, and this Court instructed Plaintiff to file another motion if it became clear that Defendant was not going to comply with written discovery in a timely fashion.

8. That time has come. Defendant's counsel has made NO attempt to contact Plaintiff's counsel following the April 27 hearing. Plaintiff has no more information about the possibility of the deposition discussed above. Nor has Defendant provided their response to written discovery.

9. Plaintiff's counsel emailed Defendant's counsel on May 2 and May 3 requesting updates and attempting to discuss both oral and written discovery and has received no response. See emails attached as Exhibit 1.

10. Plaintiff's counsel called Defendant's counsel on May 4, 2023 to follow up and attempted to discuss both oral and written discovery but Defendant's counsel did not answer.

11. As of the filing of this Motion, Plaintiff has yet to receive any additional information regarding the identity of Defendant's designee or the date that they may be available.

WHEREFORE, Plaintiff prays this Court grant its Motion to Compel Discovery and enter an order:

(1) compelling Defendant to produce complete responses and production in response to Plaintiff's written requests by no later than May 15, 2023;

(2) compelling Defendant to officially identity their designee and provide a date certain between May 18 and May 25, 2023 which Defendant's designee shall sit for the deposition;

(3) if Defendant does not comply with 1 and 2 above, preventing Defendant from introducing any additional discovery, either written and oral, including any declarations, affidavits, or other similar statements, in future pleadings, hearings, or eventual trial;

(4) award Plaintiff its reasonable attorneys' fees for their preparation of this Motion; and

(5) any such other appropriate relief as this Court deems fair and just.

Date: May 4, 2023                                   Respectfully submitted,

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Brandon Campillo (ADDC No. 6338787)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
bcampillo@saperlaw.com
brandon@saperlaw.com
ds@saperlaw.com

**Attorneys for Uproot Lint, LLC**

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2023, I sent the foregoing Defendant's counsel.

*/s/ Brandon Beymer*
Brandon Beymer