**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION]**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 22 C 415** |
| v. | ) | |
| | ) | **District Judge Jorge L. Alonso** |
| **THE PARTNERSHIPS AND** | ) | **Magistrate Judge Gabriel A. Fuentes** |
| **UNINCORPORATED ASSNS.** | ) | |
| **LISTED ON SCHEDULE A,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On May 8, 2023 (D.E. 160), the Court entered and continued Plaintiff Uproot Lint's ("Plaintiff") Second Emergency Motion to Compel (D.E. 158) against Defendants OJJ-LL, KEHOO, and ILAIQKOLLC ("Defendants"), reiterating at a hearing on that day in open court that the injunction-related discovery now being conducted is intended as expedited. Further, the Court confirmed on the record on May 8 that (1) defense counsel's non-communication with Plaintiff's counsel was inimical to expedited discovery, (2) defense counsel planned to make a Rule 30(b)(6) deponent available in a third country either the week of May 15, 2023 the week of May 22, with visa approvals then pending, (3) that Defendants would provide further written discovery in advance of the depositions, and that (4) a joint status report on the progress of the foregoing expedited discovery was due by noon on May 18, 2023.

It is now well after 5 p.m. on May 18, 2023.  Neither a joint status report nor a defense motion for relief from it was ever filed.  Instead, Plaintiff filed a status report (D.E. 162) just before noon, stating that no deposition has been confirmed, that no written discovery has been produced, that no efforts are underway to educate or produce another Rule 30(b)(6) deponent (an option the Court had outlined with Defendants), and that defense counsel has communicated nothing at all to

Plaintiff's counsel about any of these matters ("defense counsel repeatedly ignores Plaintiff's counsel's communications," Plaintiff says). The Court waited until the close of business today to see if any further filing from Defendants was forthcoming after Plaintiff filed its report, but no defense filing arrived. Defendants were ordered to participate in a joint report, and they chose not to do so. But that means they had their chance to be heard on these issues and passed on that chance.

At this point, the Court sees the need, within the Court's discretion per *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), and within the Court's obligations to promote the just, speedy and inexpensive resolution of matters under Fed. R. Civ. P. 1, to grant the Second Emergency Amended Motion to Compel (D.E. 158) as follows: (1) Defendants' Rule 30(b)(6) depositions will take place no later than June 9, 2023, by video or in person; (2) all written discovery responses and responsive documents are to be served by Defendants on Plaintiff no later than 5 p.m. Chicago time on June 2, 2023; (3) Plaintiff shall have an additional week after the depositions to conduct expedited discovery, to June 16, 2023, but otherwise all expedited discovery under the referral is closed as of today except as provided in this Order; and (4) Plaintiff's request for Rule 37 sanctions for monetary sanctions in the form of Plaintiff's fees and costs associated with the Second Emergency Motion to Compel is provisionally granted, with Plaintiff having leave to submit a bill of fees and costs for court approval, and relating only to the preparation and litigation of the Second Emergency Motion to Compel, no later than noon on June 9, 2023.

Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions, including dismissal of a lawsuit, for a litigant's failure to comply with discovery and obey discovery orders. Fed. Civ. P. 37(b)(2)(A); see also *United States v. Z Inv. Props., LLC*, 921 F.3d

2

696, 698 (7th Cir. 2019). In addition, courts also have "inherent authority" to regulate the conduct of those appearing before it, "and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). The magistrate judge's authority includes the imposition of monetary sanctions for discovery misconduct. *Cage v. Harper,* No. 17-cv-7621, 2020 WL 1248685, at *12-15 (N.D. Ill. Mar. 16, 2020).

In addition, Plaintiff's status report (D.E. 162) contained an "Amended Second Emergency Motion to Compel" with requested relief – including default and measures directed at Defendants' pleadings – that goes beyond the scope of the referral to the magistrate judge and is buried in a status report; for those reasons, the Amended Motion as such is denied without prejudice to its renewal as a formal motion before the district court. At this point a joint written status report on discovery completion is due on June 20, 2023, and failure of either side to communicate with each other in the preparation of such report shall give rise to a rule to show cause why such party should not be held in contempt of court.

The Court regrets having to take harsh steps to resolve these discovery matters but has concluded that Defendants' conduct in ignoring expedited discovery and the Court's orders left the Court with no other choice. Whether Defendants will comply with this Order remains to be seen. Consequences for failing to do so may be matters for the district court on motion.

**SO ORDERED.**

ENTER:

GABRIEL A. FUENTES
**United States Magistrate Judge**

**DATED: May 18, 2023**

3