IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UPROOT LINT,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 22-cv-4925<br><br>**Judge Jorge L. Alonso** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Uproot Lint, LLC ("Uproot") against the defendants Does #138 (OJJ-LL), #190 (KEHOO), and #252 (ILAIQKOLLC), and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Uproot having moved for entry of Default and Default Judgment against the defendants identified on the amended Schedule A attached hereto (collectively, "Defendants");

This Court having previously entered a temporary restraining order; Uproot having properly completed service of process on Defendants, (the combination of providing notice via electronic publication and e-mail, along with any notice that Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to answer and present their objections); and this Court having granted Plaintiff's request for default sanctions as to Defendants pursuant to Plaintiff's Emergency Motion For Sanction and Default (Dkt. 170);

This Court finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Uproot has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Uproot's federally registered trademarks (the "Uproot Trademarks") to residents of Illinois. In this case, Uproot has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing and/or counterfeit versions of the Uproot Trademarks. *See* Docket No. 9-3 through 9-13, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its infringing and/or counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Uproot Trademarks.

A list of the Uproot Trademarks is included in the below chart.

| Registration Numbers | Registered Trademarks | International Classes |
|---|---|---|
| 6,812,291 | UPROOT CLEAN | 21, 35 |
| 6,815,080 | (design mark) | 21 |

This Court further finds that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C.

§ 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Uproot's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defendants are deemed in default, and that this Default Judgment is entered against Defendants.

This Court further orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Uproot Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Uproot product or not authorized by Uproot to be sold in connection with the Uproot Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Uproot product or any other product produced by Uproot, that is not Uproot's or not produced under the authorization, control, or supervision of Uproot and approved by Uproot for sale under the Uproot Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Uproot, or are sponsored by, approved by, or otherwise connected with Uproot; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Uproot, nor authorized by Uproot to be sold or

3

      offered for sale, and which bear any of Uproot's trademarks, including the Uproot Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Uproot's choosing:

   a. transfer the Defendant Domain Names to Uproot's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Uproot's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Uproot's selection; or

   b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), Walmart, Inc., Joom.com, and Shopify, Inc. (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

     a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account

        that is being used to sell or is the means by which Defendants could continue to sell counterfeit and infringing goods using the Uproot Trademarks; and

        b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Uproot Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Uproot product or not authorized by Uproot to be sold in connection with the Uproot Trademarks.

4. Upon Uproot's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Uproot Trademarks.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Uproot is awarded statutory damages from each of the Defendants in the amount of $250,000 for willful use of counterfeit Uproot Trademarks on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Walmart Inc., Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 5 above) currently restrained in Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Walmart Inc., Ant Financial, and Amazon Pay, are hereby released to Uproot as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Uproot the amounts from Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. If all monies currently restrained in Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Walmart Inc., Ant Financial, and Amazon Pay, do no satisfy the entire above-identified damages, such accounts shall remain restrained and any additional monies received into those accounts in the future shall continuously be released to Uproot as partial payment of the above-identified damages and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Walmart Inc., Ant Financial, and Amazon Pay, are ordered to continue to release those monies to Uproot until the entire above-identified damages amount has been satisfied. Although the financial accounts shall remain restrained, nothing herein shall restrict the Defendants from operating the associated Online Marketplace Accounts to sell products unrelated to Uproot, or bearing the Uproot Trademarks.

9. Until Uproot has recovered full payment of monies owed to it by any Defendant, Uproot shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

10. In the event that Uproot identifies any additional online marketplace accounts or financial accounts owned by Defendants, Uproot may send notice of any supplemental proceeding,

including a citation to discover assets, to Defendants by e-mail at the e-mail addresses provided for Defendants by third parties.

This is a Default Judgment.

**Dated:** August 17, 2023

                                                **Jorge L. Alonso**
                                                United States District Judge

# Schedule A

| Doe # | Market | Merchant Name | Product ID |
|---|---|---|---|
| 138 | Amazon | OJJ-LL | B09BNL7JS8 |
| 138 | Amazon | OJJ-LL | B09BNJ285K |
| 138 | Amazon | OJJ-LL | B09BNK5GFP |
| 190 | Amazon | KEHOO | B0818VG78C |
| 252 | Amazon | ILAIQKOLLC | B094JVYMRR |