IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| John Doe | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | 1:22-cv-4925 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| The Partnerships and Unincorporated Associations | ) | Magistrate Judge Gabriel A. Fuentes |
| Identified on Schedule "A", | ) | |
| | ) | |
|     Defendant. | ) | |

**MOTION TO VACATE DEFAULT JUDGMENT**

COME NOW Defendants 107 (xiaohuolu), 112 (qiweikongjian); 134 (dalangchao), 143 (zhileju), 154 (Animusphere), 164 (NailTools-Store), 177 (rongdekeji), 180 (LINDPS Clean), 191 (SOCCSO), 195 (elemsy), 200 (penglewenhua), 211 (SOCCSOuproot), 226 (LINTPLUS), 235 (Shenzhen Chuchu Trading Company), 243 (Master-Ed), and 247 (Tikfoam Store) (hereinafter referred to as "Moving Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 60, respectfully request that this Court vacate the default judgment entered against them on April 27, 2023, showing the Court as follows:

**INTRODUCTION**

This is a trademark infringement case originally filed against a large number of alleged infringers, including Moving Defendants. Moving Defendants can show that their failure to timely respond was the result of inadvertence and mistake, and not a result of willful ignorance, that they took quick action to correct it, and that they have meritorious defenses to Plaintiff's claims, as required by Federal Rule of Civil Procedure 60. At the time the Default Judgment was entered, Moving Defendants were represented by counsel. That attorney has executed a declaration acknowledging that there was a miscommunication that resulted in him not notifying Moving Defendants of the filing of the motion for default judgment or the entry of the Default Judgment

on April 27, 2023.

## LEGAL STANDARD

The Seventh Circuit has a "well-established policy favoring a trial on the merits over a default judgment." *Gersbacher v. Larsen*, 1991 U.S. Dist. LEXIS 1253* (N.D. Ill. Feb. 5, 1991). The Federal Rules of Civil Procedure provide that the Court may vacate a default judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect" so long as such relief is sought sooner than one (1) year after entry of the judgment. Fed.R.Civ.P. 60(b)(1), (c). In the Seventh Circuit, a defaulting party seeking to vacate a judgment on this basis bears the burden of showing that the default judgment resulted from mistake, inadvertence, surprise, or excusable neglect and that they have a meritorious defense. *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987). Because default judgments are harsh it is appropriate for the Court to liberally apply Rule 60(b)(1) to parties seeking relief therefrom "where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981); *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988) (courts must generally grant relief from a default judgment when "the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful.") Resolution of a case on the merits is especially true where the judgment involves large sums of money. *Id.*

A party seeking to set aside the entry of an order of default must show the following: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Wilson v. Peterson Cleaning, Inc.*, 2015 U.S. Dist. LEXIS 173747 *2-3 (N.D. Ill. Dec. 18, 2015) *citing Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Whether to set aside a default order is left to the discretion of the district court. *Sun v. Bd. Of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) In exercising that discretion, courts must be mindful of the

policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco*, 559 F.3d at 631.

## ARGUMENT

I. **THE DEFAULT SHOULD BE SET ASIDE BECAUSE MOVING DEFENDANTS CAN SATISFY THE REQUIREMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60**

Plaintiff filed its Complaint and an Amended Complaint on September 12, 2022. [ECF No. 1, 4]. A sealed Temporary Restraining Order was entered on September 20, 2022. [ECF No. 20] On October 3, 2022, Attorney Wesley Johnson filed his Appearance on behalf of Moving Defendants. [ECF No. 27] On October 6, 2022, Attorney Shu-yu Lin (Attorney Johnson's associate), filed her appearance on behalf of Moving Defendants. [ECF No. 30] A summons was issued on October 11, 2022. On October 11, 2022, Plaintiff filed a motion for a preliminary injunction. [ECF No. 33, 34] The briefing on this motion was stayed. The temporary restraining order expired on its own terms and all injunctive relief disappeared. On April 21, 2023 Plaintiff filed a motion for default judgment. [ECF No. 150, 152] That motion was heard and granted on April 27, 2023. [ECF No. 157, 174] Moving Defendants were included in this Default Judgment.

Prior to entry of the Default Judgment, Attorney Johnson had engaged in settlement discussions with Plaintiff on behalf of Moving Defendants[1]. It appears that those negotiations stalled but were never actually terminated. Attorney Johnson communicated with Moving Defendants through a professional third party who could facilitate communication in Chinese. (See Ex. A, Declaration of Wesley Johnson). As a result of an unfortunate miscommunication between that third

---

[1] Attorney Johnson simultaneously represented a separate group of defendants in this matter. Those defendants are unrelated to Moving Defendants. Moving Defendants did not participate in the litigation strategy pursued by the other group of defendants.

3

party and Attorney Johnson, Attorney Johnson had the mistaken impression that he did not need to notify Moving Defendants about the filing of the Motion for Default Judgment nor of the entry of the Default Judgment entered on April 27, 2023. (Ex. A) As such, Attorney Johnson did not take any action to notify Moving Defendants of the filing of the Motion for Default Judgment or the entry of the Default Judgment. (Ex. A).

> A. The Default Judgment should be vacated due to Moving Defendants' excusable neglect.

The Supreme Court has defined "excusable neglect" as "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Sullivan v. Gen Plumbing, Inc.*, 2007 WL 1030236, at *3 (N.D. Ill. Mar. 31, 2007), *citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Seventh Circuit adopts a more limited definition of "excusable neglect" for Rule 60(b)(1) purposes, which "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing the judgment." *Coyote Logistics, LLC v. AMC Cargo, Inc.*, 2017 WL 1862642, at *2 (N.D. Ill. May 9, 2017), *citing Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *compare Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965); *Rosebud Sioux Tribe v. A&P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984) (stating that Rule 60 is meant to ensure that justice is servcd, and that courts must not allow a judgment to further injustice). Generally, a defendant seeking to vacate a defendant seeking to vacate a default judgment under Fed.R.Civ.P. 60(b)(1) has the burden of establishing (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs v. Wells,* 688 F.3d 886, 890 (7th Cir. 2112). Here, the "excusable neglect" is in fact more acute as the mistakes made causing the entry of the Default Judgment were not mistakes attributable to Moving Defendants.

> 1. Good cause exists for Moving Defendants' default.

At no point did Moving Defendants intend to avoid the litigation or to interfere with the

4

operation of the Court. Moving Defendants preferred to resolve the case via settlement. They believed their attorney was negotiating a settlement on their behalf. Their former attorney has admitted that he did not notify them of the Motion for Default Judgment and the entry of the Default Judgment. (Ex. A).

In *Cracco*, the Seventh Circuit affirmed the district court's decision that good cause supported setting aside a default order because the defendant did not willfully ignore the pending litigation, but rather failed to respond to the summons and complaint through inadvertence caused when it was distracted by other litigation matters. *Cracco*, 559 F.3d at 631. Here, Moving Defendants believed the admittedly slow settlement negotiations were ongoing. Their former attorney admits that due to the miscommunication with the third-party representative he did not in fact notify Moving Defendants of the filing of the Motion for Default Judgment or the entry of the Default Judgment one week later.

The standard for demonstrating good cause is "justifiably vague" and the Court has "great latitude" to discern if good cause exists. *Phipps*, 29 F.3d at 164; *See Baker v. Optionit, Inc.*, 2015 WL 9182584, at *2 (N.D. Ill. Dec. 17, 2015 (good cause for defendant's failure to respond included lack of actual notice. *See also Summit Fin. Res. L.P. v. Big Dog Enterprises Logistics, LLC*, 2008 WL 687279, at *2 (S.D. Ill. Mar. 12, 2008) (finding good cause where defendant's internal process lost the complaint.) Moving Defendants have demonstrated that they have not willfully refused to litigate this case properly. Vacating the default would erase the injustice of entry of a default judgment against represented parties whose counsel failed to notify them of the motion for default judgment and entry of the default judgment by inadvertence and mistake.

2.     Moving Defendants have acted reasonably to address the default judgment.

Rule 60(b) sets a one-year time limit on bringing a motion to vacate a default. However, a defendant does not comply with Rule 60(b) by simply filing its motion within that time limitation.

The delay must also be reasonable. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986). *See Philos Techs, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 856 (7th Cir. 2011) (motion for relief from final judgment for lack of personal jurisdiction was not untimely although it had been filed nearly a year after entry of default judgment); *Cent. Laborers' Pension, Welfare & Annuity Funds v. W.C. Beiser Concrete, Co.*, 2011 WL 1549226, at *2 (S.D. Ill. Apr. 21, 2011 (defendant acted promptly despite waiting approximately four months to move to vacate default).

Moving Defendants learned of the existence of the Default Judgment from an unrelated third party on or about June 25, 2023. (See Group Ex. B – Declarations of Moving Defendants). They then contacted the third party facilitator and began the process of assessing how to proceed. The third party facilitators began contacting attorneys on behalf of Moving Defendants to retain counsel to address the Default Judgment.

Undersigned Defense Counsel was officially being considered to represent Moving Defendants on or about July 10, 2023. On that date, in anticipation of being fully retained, Undersigned Defense Counsel reviewed the docket for this matter and learned that Plaintiff was represented by Saper Law. Undersigned Defense Counsel has known Attorney Saper for a number of years on a professional basis and has represented defendants in other "Schedule A" cases filed by her firm.

On July 10, 2023, Defense Counsel called Saper Law and asked for Brandon Beymer, an associate at the firm and the person who appeared to be handling this matter for Plaintiff. Defense Counsel was instead connected with Attorney Saper. A discussion was had regarding Plaintiff's position as to Moving Defendants. At the time of the call, the representation of Moving Defendants was believed to be quite certain and imminent. After that call, Undersigned Defense counsel continued contact with the third party who was considering hiring her to represent Moving Defendants.

Moving Defendants ultimately elected to retain Undersigned Defense Counsel and all 16 of them executed a fee agreement on or about August 9, 2023. The process of having the fee agreement reviewed with each of 16 defendants and translated so they could make a knowing and intentional decision to sign understandably took some time. The required fee paid and received by the Undersigned on or about Thursday, August 17, 2023. The motion to substitute counsel was filed on Tuesday, August 22, 2023, the first day counsel was available to file it.

It is reasonable for 16 defendants who are not native English speakers and require translation and interpreting services would take that amount of time to come to an agreement and make payment. Moving Defendants have acted reasonably and swiftly in responding to the news that a default judgment had been entered against them by this Court.

3. Moving Defendants may have meritorious defenses to Plaintiff's claims.

Moving Defendants may have meritorious defenses to Plaintiff's claims. This factor is the only factor that does not weigh very strongly in favor of Moving Defendants. However, Plaintiff has not yet conclusively proved its case, and should the parties have to proceed to litigation, Moving Defendants will be in a position to assert all available defenses in the event the parties are unable to settle these claims. This factor simply cannot outweigh the injustice that would be worked should the default stand due to no error on the part of Moving Defendants.

## **CONCLUSION**

Moving Defendants have established that they have satisfied the requirements of Rule 60(b) and respectfully request that the Court enter an Order vacating the default entered on April 27, 2023. Moving Defendants stand ready to answer or otherwise plead upon entry of an order vacating the default.

Respectfully submitted,

By: */s/* Erin K. Russell
Erin K. Russell
Counsel to Moving Defendants
The Russell Firm, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
312-994-2424
erin@russellfirmip.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF thereby serving copies on all parties of record.

By: */s/* Erin K. Russell
Erin K. Russell